## The Judge of Probate *versus* Elisha Hinds.

If there be an occasion for the appointment of a guardian of a minor, in a particular county, the judge of probate for the county, has jurisdiction to make such appointment, whether the minor reside in the county, or not.

Debt upon a probate bond, given by the defendant, when administration of the estate of Lucy Roby, deceased, was committed to him by the judge of probate in this county.

The cause was submitted to the decision of the court upon the following facts.

Previously to the commencement of this action, the defendant, being the administrator of the estate of the said Lucy Roby, and having settled in the probate court in this county, the account of his administration, was ordered to pay over to the heirs of the said Lucy, who are all minors under the age of twenty one years, a balance of $1000, which was found to be in his hands.

Joseph Roby, the father of the said minors, and late the husband of the said Lucy, died at Charlestown, in the county of Cheshire, where he had resided many years, in August, 1818, leaving estate both in the county of Cheshire and in this county, and administration of his estate was granted by the judge of probate, in the county of Cheshire, to O. W., of Charlestown, and there is now estate in that county to be distributed among said heirs.

Immediately after the death of the said Joseph, the said minors who were all under the age of fourteen years, removed with their mother, the said Lucy, from Charlestown to Littleton, in this county, where they have ever since resided and had their home. Several months after the said minors had removed to Littleton, as aforesaid, Guy Ely was appointed their guardian, by the judge of probate for the county of Cheshire.

Previously to the commencement of this action, the said Ely, as guardian, demanded of the defendant the said sum of $1000, ordered to be paid to said heirs as aforesaid, which the said defendant refused to pay, on the ground that the judge of Probate in the county of Cheshire, had no authority to appoint a guardian to said minors.

And it was agreed, that if the court should be of opinion that the appointment of the said Ely to be guardian of said minors, was, under the circumstances, within the jurisdiction of the judge of probate for the county of Cheshire, then judgment to be rendered for the plaintiff, otherwise the plaintiff to become nonsuit.

*Hinds, pro se,* contended, that a judge of probate has no authority to appoint a guardian for minors, who do not at the time of the appointment reside in his county. His jurisdiction, in this instance, extends only to minors who reside and have their home in his county. Any other rule would make the duty of each judge of probate uncertain, and would lead to great perplexity and confusion, in the exercise of the jurisdiction. Different guardians might, at the same time, be appointed for the same ward in different counties.

The statutes which authorise the appointment of guardians for idle persons and for idiots and distracted persons, provide, that such guardians shall be appointed by the judge of probate of the county where such idle or distracted persons reside.

*Bell,* for the plaintiff.

The question of the plaintiff's right to recover, is put by the defendant upon the legality of the guardian's appointment. If the guardian be legally appointed, the plaintiff must recover—otherwise not. The statute provides, that the judges of probate in their respective counties, *when and so often as there shall be occasion,* be empowered to allow of guardians. Joseph Roby was an inhabitant of the county of Cheshire, at the time of his death. His estate was therefore rightfully put under administration in that county. There were acts necessary to be done there by a guardian of the heirs in the settlement of that estate. There was an occasion, and a fit and legal occasion for a guardian there in dividing the real estate, and in distributing the personal. The judge, therefore, had jurisdiction, and rightfully appointed a guardian there ; and that guardian, rightfully appointed, has power over all property of his wards, wherever it may be situated, or in whatever right it may be derived, if in this state.

Residence has nothing to do, in this case, with jurisdiction. The wards may be and reside out of the state

permanently, and still have an occasion for a guardian within the state. Jurisdiction is founded on *estate*.

The question, and the only question in this case is, was there an occasion in September, 1819, for the appointment of a guardian in Cheshire county ? The estate of Joseph Roby was there under administration, and could not be fully settled without such an appointment. This constituted a fit and proper occasion for the appointment.

But the plaintiff contends, that if the appointment of Ely, under the circumstances, in the county of Cheshire, was irregular, still it remains valid, unless avoided by way of appeal.

" When the question before a judge of probate is only as to the manner of exercising his jurisdiction, on a subject of which some court of probate has jurisdiction, then if he mistakes, the means of correcting such mistake are by appeal. But when the question is, whether the court of probate has jurisdiction of the subject or not, he must decide it, but at his own peril, and if he errs by assuming a jurisdiction which does not belong to the probate court, his acts are void. *Wales* v. *Willard*, 2 Mass. Rep. 124.

In this case there can be no doubt, whatever, that the probate court has jurisdiction of the appointment of guardians.

The opinion of the court was delivered by

RICHARDSON, C. J. The question which this case presents for our decision, seems to us to be free from all doubt and difficulty.

Had the judge of probate, in the county of Cheshire, jurisdiction to appoint guardians to minors residing in the county of Grafton ? The answer to this question must be found in the statutes, which give to judges of probate the power to appoint guardians.

The statute of February 3, 1789, sec. 25, enacts, " that the several judges of probate in their respective counties

in this state, *when and so often as there shall be occasion*, be and hereby are empowered to allow of guardians that shall be chosen by minors of fourteen years of age and upwards, and to appoint guardians for such as shall be within that age." The statute of July 2, 1822, sec. 22, contains a similar provision.

Judges of probate are authorized by the statute to appoint guardians *when and so often as there shall be occasion.*

To ascertain, then, in this case, whether the judge of probate had authority to appoint guardians, we have only to ascertain whether there was an occasion for guardians in the county of Cheshire. On this subject there can be no doubt. The estate of the father of these wards was under administration in the county of Cheshire, and this furnished a proper occasion for the appointment of a guardian, if none had been appointed in the county where the wards resided. Their residence might have furnished a proper occasion for the appointment of a guardian in the county of Grafton, and this would have taken away the occasion for such an appointment in the county of Cheshire.

But there having been no appointment in the county of Grafton, we have no hesitation in holding, that the judge of probate in Cheshire had authority to appoint. A proper occasion for an appointment existed in both counties, and we think the authority might have been exercised in either county.

There must, therefore, according to the agreement of the parties, be

*Judgment for the plaintiff.*